UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| SHANE MOSIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:13-CV-83 |
| | ) | |
| FORGE INDUSTRIAL STAFFING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This case was removed to this Court from the Allen Superior Court by Defendant based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 2.) The Notice of Removal alleges that "[o]n information and belief, and based upon the allegations in the Complaint, [Plaintiff Shane] Mosier is a resident of the State of Indiana." (Notice of Removal ¶ 4.)

Defendant's Notice of Removal, however, is inadequate for two reasons. First, it is well-settled that "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, No. Civ. 06-753-GPM, 2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992). Consequently, Defendant must amend its Notice of Removal to allege the Plaintiff's citizenship on personal knowledge rather than on information and belief.

1

The Notice of Removal is also insufficient because the "residency" of each party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters." *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332. "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted); *see generally Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006). Therefore, the Court must be advised of Plaintiff Shane Mosier's *citizenship*, rather than his residency, which "[f]or natural persons . . . is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Am.'s Best Inns, Inc.*, 980 F.2d at 1074 ("In federal law citizenship means domicile, not residence.").

Therefore, Defendant is ORDERED to supplement the record by filing an Amended Notice of Removal on or before April 16, 2013, properly alleging on personal knowledge the citizenship of Plaintiff Shane Mosier.

SO ORDERED.

Enter for this 2nd day of April, 2013.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge